THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| BRANDON H., <br><br> Plaintiff, <br><br> v. <br><br><br> FRANK BISIGNANO, <br> Commissioner of Social Security, <br><br> Defendant. | REPORT AND RECOMMENDATION <br><br> Case No. 2:24-cv-00739-DAK-CMR <br><br> Judge Dale A. Kimball <br><br> Magistrate Judge Cecilia M. Romero |

This case is referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) (ECF 7). Plaintiff, Brandon H., seeks judicial review of the determination of the Commissioner of the Social Security Administration (the Commissioner or Defendant) denying his application for Title XVI Supplemental Security Income (SSI), under the Social Security Act, 42 U.S.C. § 401 (Act). The court has carefully considered the entire record (Certified Administrative Record (Tr.), ECF 8), and the parties' briefs (ECF 12, 20, 24). The court heard argument on this matter at a hearing on May 1, 2025 (ECF 25), and held an additional hearing on May 8, 2025 where it announced its ruling on the record (ECF 26). For the reasons stated on the record and as discussed below, the undersigned RECOMMENDS that Plaintiff's Motion for Review of Agency Action (Motion) (ECF 12) be GRANTED and the decision of the Commissioner be REVERSED and REMANDED.

## I.  BACKGROUND

Plaintiff was 46 years old on his disability onset date of April 30, 2021 (Tr. 84). Plaintiff filed his application for benefits on July 21, 2021, alleging disability due to back injury, wheelchair bound (Tr. 84). In a decision dated April 4, 2024, the Administrative Law Judge (ALJ) determined at step two that Plaintiff had one severe impairment of right knee degenerative joint disease (Tr. 71). At step three, the ALJ considered Listing 1.18 for abnormality of a major joint in any extremity, finding the criteria not met (Tr. 72). The ALJ determined Plaintiff had the residual functional capacity (RFC) to perform sedentary work with additional limitations including: "He can occasionally operate foot controls with the right lower extremity." (Tr. 72).

At step four, the ALJ found that, given this RFC, he was not able to perform past relevant work as a manager of a retail store (Tr. 76). Consistent with vocational expert (VE) testimony, the ALJ found at step five that Plaintiff could perform jobs existing in significant numbers in the national economy, including telephone information clerk, final assembler, and addressing clerk, all sedentary work (Tr. 77). The ALJ therefore concluded that he was not disabled (Tr. 77). The Appeals Council then denied Plaintiff's request for review, making the ALJ's decision the Commissioner's final decision for purposes of judicial review. *See* 20 C.F.R. §§ 404.981; 422.210(a). This appeal followed.

## II.  LEGAL STANDARDS

The court reviews the ALJ's decision to determine whether the record as a whole contains substantial evidence in support of the ALJ's factual findings and whether the Commissioner applied the correct legal standards. 42 U.S.C. § 405(g); *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007). Substantial evidence is "more than a mere scintilla"; it means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek*

*v. Berryhill,* 587 U.S. 97, 103 (2019) (quoting *Consolidated Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). Under this deferential standard, this court may neither reweigh the evidence nor substitute its judgment for that of the ALJ. *Hendron v. Colvin*, 767 F.3d 951, 954 (10th Cir. 2014) (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)).

However, "[f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal." *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (quoting *Byron v. Heckler*, 742 F.2d 1232, 1235 (10th Cir. 1984)). Reversal is appropriate where the court "cannot meaningfully review" whether the ALJ's conclusions "are supported by substantial evidence" or "whether [the ALJ] applied the correct legal standards in arriving at these conclusions." *Guice v. Comm'r, SSA*, 785 F. App'x 565, 575 (10th Cir. 2019) (citing *Clifton v. Chater*, 79 F.3d 1007, 1009–10 (10th Cir. 1996) (finding the ALJ's "bare conclusion" to be "beyond meaningful judicial review")).

### III.  DISCUSSION

One of Plaintiff's challenges on appeal is the ALJ's step five determination.[1] At step five, the Commissioner bears the burden of providing the claimant has a residual functional capacity to do other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1566(a); *Barnhart v. Thomas*, 540 U.S. 20, 25 (2003). When determining whether a claimant can perform other work in the national economy, an ALJ may take administrative notice of a number of sources including the Dictionary of Occupational Titles (DOT). 20 C.F.R. § 404.1566. Additionally, an

---

[1] Plaintiff's opening brief alleges numerous errors in the ALJ's decision, including that the ALJ erred in the step five determination. This error mandates reversal and remand and is therefore dispositive of Plaintiff's appeal. Accordingly, the court will address only this dispositive issue, and "will not reach the remaining issues raised by [Plaintiff] because they may be affected by the ALJ's treatment of this case on remand." *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003).

ALJ may utilize a vocational expert (VE) and rely on a VE's testimony as a basis for the ALJ's conclusions.[2]

Plaintiff first argues that there is a discrepancy between the limitation that Plaintiff would require use of a wheelchair, for at least some of the time, and the VE's testimony that an individual in a wheelchair could not perform a job requiring the use of a foot pedal. The Commissioner responds that the ALJ did not find that the Plaintiff is confined to a wheelchair but rather found that the Plaintiff could perform sedentary work with the use of an assistive device for walking 20 yards or more. The Commissioner points to the record evidence that the Plaintiff could use his arms to transfer to and from a wheelchair (Tr. 497) and Dr. Miro's opinion that the Plaintiff could walk for short periods of time (Tr. 500).

In reply, Plaintiff argues this is improper ad hoc rationalization, citing to *Allen v. Barnhart*, 357 F.3d 1140 (10th Cir. 2004). The court agrees with Plaintiff. As noted by the Defendant, the ALJ did not find the evidence supports the medical necessity of the use of a wheelchair at all times (Tr. 326). However, in the RFC determination the ALJ included the limitation that the Plaintiff must use a cane or assistive device if walking 20 yards or more at any one time (Tr. 17). According to the DOT, the preparer position involves using shears, jeweler's saws, pliers, or foot press equipped with a cutting tool. DOT 700.687-062. When asked if a person in a wheelchair can operate a foot pedal the VE responded, "It would take an unusual kind of arrangement to be able to get the wheelchair close enough to the pedal. So, I think no" (Tr. 62). It therefore appears that the VE's testimony that the Plaintiff could perform the job of preparer does not correspond with the DOT's definition of a preparer, involving the use of a foot pedal, in light of Plaintiff's limitation of requiring the use of an assistive device some of the time.

---

[2] 20 C.F.R. § 404.1566; *Holt v. Colvin*, No. CV 14-0024 KBM, 2015 WL 13662607, at *2 (D.N.M. Apr. 16, 2015) (the ALJ may utilize a VE to supply an opinion about the claimant's ability to perform work in the national economy).

"[B]efore an ALJ may rely on expert vocational evidence as substantial evidence to support a determination of nondisability, the ALJ must ask the expert how his or her testimony as to the exertional requirement of identified jobs corresponds with the Dictionary of Occupational Titles, and elicit a reasonable explanation for any discrepancy on this point." *Haddock v. Apfel*, 196 F.3d 1084, 1087 (10th Cir. 1999). The "ALJ must address 'an apparent unresolved conflict between [vocational expert] . . . evidence and the DOT' before relying on the VE's expert testimony." *Johnson v. Comm'r, SSA*, 764 F. App'x 754, 761 (10th Cir. 2019) (quoting SSR 00-4p, 2000 WL 1898704, at *2 (Dec. 4, 2000)). Here, as noted by Plaintiff, the ALJ did not make findings that Plaintiff could transfer from a wheelchair to a chair using his arms or that he could walk for short periods of time and the ALJ did not otherwise provide any explanation or reasoning to explain the conflict between the VE's testimony regarding the use of a foot pedal and Plaintiff's limitation regarding assistive devices. The court therefore concludes that the ALJ's step five findings are not supported by substantial evidence, and this is reversible error.

Plaintiff further argues that even with the preparer job there are insufficient numbers of jobs to support a finding of disability. At step five, the VE found Plaintiff was able to perform three occupations for which there was a total of 39,000 jobs and found that was a significant number of jobs in the national economy (Tr. 77). The Commissioner argues this finding is reasonable based on case law finding that approximately 20,000 jobs was significant. *Garcia v. Comm'r*, 817 F. App'x 640, 649–50 (10th Cir. 2020) (upholding an ALJ's step five finding based on 20,500 to 22,000 jobs nationally). The court finds that the number of jobs will need to be reevaluated on remand as part of the ALJ's step five findings.

## RECOMMENDATION

In conclusion, the ALJ erred in his step five determination by failing to resolve the conflict between the vocational expert's testimony and Plaintiff's functional limitations. For these reasons, it is RECOMMENDED that the Commissioner's decision be REVERSED and REMANDED.

## NOTICE

Copies of this Report and Recommendation are being sent to Plaintiff, who is hereby notified of her right to object. Plaintiff must file any objection to this Report and Recommendation within fourteen (14) days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A failure to object may constitute waiver of objections upon subsequent review.

DATED this 9 July 2025.

_Cecilia M. Romero_
Magistrate Judge Cecilia M. Romero
United States District Court for the District of Utah